Phillip A. Weaver, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas dismissing his "Petition to Vacate Conviction." We affirm.
Appellant was accused of attacking his next door neighbors Paul and Laurie Cameron on June 30, 1996. On June 6, 1997, appellant was found guilty by a jury of attempted murder, a violation of R.C. 2923.02 and 2903.02; two counts of felonious assault, a violation of R.C. 2903.11; and one count of aggravated burglary, a violation of R.C. 2911.11. The sentencing court merged the felonious assault counts with the attempted murder counts, and sentenced appellant to serve ten to twenty-five years in prison for each of the remaining three counts.
On July 11, 1997, appellant's trial counsel filed an appeal on behalf of appellant and the appeal was assigned appellate number 97APA07-905. The Franklin County Public Defender's Office also filed an appeal on behalf of appellant on July 11, 1997, and that appeal was assigned appellate number 97APA07-908. The Franklin County Public Defender's Office thereafter represented appellant in his appeal and appellate number 97APA07-905 was sua sponte dismissed by this court on December 9, 1997 for appellant's failure to timely file a brief pursuant to App.R. 18(A). We affirmed the trial court's judgment in State v. Weaver (Mar. 10, 1998), Franklin App. No. 97APA07-908, unreported (1998 Opinions 464). The Ohio Supreme Court dismissed appellant's appeal in State v. Weaver (1998), 82 Ohio St.3d 1441.
On August 7, 1998, appellant filed a "Petition to Vacate Conviction" with the Franklin County Court of Common Pleas. Appellant alleged in his petition that he "did not receive the effective assistance of counsel in violation of the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution." The only claim of ineffective assistance of counsel appellant makes in his petition is the following argument.
 * * * The State proceeded on the theory that [appellant] broke a basement window, entered through it, and went upstairs to attack the Camerons. Laurie Cameron testified that she observed the window earlier on June 30 when she went outside to fill a children's pool with a garden hose. At that time, she noticed the window and it was intact.
 As the attached Affidavit [from appellant's father] establishes, though, Ms. Cameron could not have so observed the window. The only source of water for this hose is not the Cameron residence, but is on the interior of [appellant's residence] next door to the Cameron residence.
 The State's case turned primarily on the testimony of Ms. Cameron. This issue was never addressed in trial. This omission constituted a violation of [appellant's] right to a full and fair trial.
On September 21, 1998, the trial court dismissed appellant's "Petition to Vacate Conviction." The court held that pursuant to R.C. 2953.21(A)(2) appellant's "petition was untimely and that this court is without jurisdiction to entertain the petition." Appellant appeals this decision and presents the following assignment of error:
 The trial court committed reversible error by denying Appellant's petition for post-conviction relief without conducting a hearing on the issues presented.
Appellant argues in his assignment of error that the trial court erred in dismissing his petition after finding the petition to be untimely. Appellant claims that his petition was timely because the trial transcript:
 * * * was filed under Case Number 97APA07-905 and remained in that file until on or about February 11, 1998. Appellant sought, and received, leave to supplement the record in the appeal of Case Number 97APA07-908 with this transcript. Once the transcript was filed under the correct case number, it was "filed in the court of appeals in the direct appeal of the judgment of conviction." Thus, the time for filing a post-conviction relief petition commenced on that date.
Since appellant's motion seeks a vacation of his conviction on the basis that his constitutional rights have been violated, appellant's motion should be construed as a motion for postconviction relief as defined in R.C. 2953.21. State v.Reynolds (1997), 79 Ohio St.3d 158, syllabus. In cases not involving a sentence of death, a petition for postconviction of relief shall be filed no later than: (1) one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment conviction or adjudication; or (2) one hundred eighty days after the expiration of the time for the filing of the appeal if no appeal is taken. R.C. 2953.21(A)(2).
In the present case, appellant filed a copy of his trial transcript with this court on August 25, 1997 for appellate number 97APA07-905, which was a direct appeal of appellant's judgment of conviction. Appellant filed his "Petition to Vacate Sentence" on August 7, 1998. Since appellant's motion was filed more than one hundred eighty days after the date his trial transcript was filed with our court for his direct appeal, and appellant does not allege any of the exceptions allowing an untimely petition contained in R.C. 2953.23(A), the trial court could not entertain the petition pursuant to R.C. 2953.21(A)(2).
We also find in appellant's argument that his petition was timely because it was filed within one hundred eighty days of when the trial transcript was filed in appellate number 97APA07-908 is unpersuasive for many reasons. The "obvious intent" of the General Assembly with the current version of R.C.2953.21(A)(2) is to place a time limitation on postconviction actions. State v. Price (Sep. 29, 1998), Franklin App. No. 98AP-80, unreported (1998 Opinions 4611, 4614). Appellant should not be allowed to circumvent the time limitation rules within R.C.2953.21(A)(2) by filing two appeals of his conviction, allowing one appeal to be dismissed by the appellate court because appellant failed to comply with App.R. 18(A), and then transferring the trial transcript to the second appeal six months after the filing date of both appeals. The Legislature did not specify that the one hundred eighty-day period begins to run only with the filing of the transcript with the direct appeal that is actually reviewed by the appellate court. R.C. 2953.21(A)(2) simply states that the petition for postconviction relief shall be filed no later than one hundred eighty days after "the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction * * *." We have also held that the time requirements of R.C. 2953.21(A)(2) are not extended by an appellate court granting a delayed appeal. Price, at 4614.
We also note that a petition for postconviction relief may be dismissed without an evidentiary hearing under the doctrine of res judicata unless "the petitioner presents competent, relevant and material evidence outside of the record, that was either not in existence or unavailable to the petitioner in time to support a direct appeal." State v. Chafin (Mar. 25, 1999), Franklin App. No. 98AP-865, unreported (1999 Opinions 542, 546-547). A review of appellant's petition shows that appellant failed to explain why evidence that the "only source of water for [the garden] hose is not the Cameron residence, but is on the interior of [appellant's residence] next door to the Cameron residence" was "not in existence or unavailable to [appellant] in time to support a direct appeal."
Accordingly, we find that the trial court did not err in dismissing appellant's petition. Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and KENNEDY, JJ., concur.
 IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT JULY 27, 1999 OPINIONS AND DECISIONS